UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNETTE CUMMINGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　Defendant. | Case No. 1:23-cv-00371-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [2]<br><br>(Doc. Nos. 12, 16) |

　　　　Jeannette Cummings ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 12, 16-17). For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and remands the

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

matter to the Commissioner of Social Security for further administrative proceedings.

## I.   JURISDICTION

Plaintiff protectively filed for disability insurance benefits on November 6, 2019, alleging an onset date of December 31, 2013. (AR 174-75). Benefits were denied initially (AR 65-75, 95-99), and upon reconsideration (AR 76-94, 102-06). Plaintiff appeared before an Administrative Law Judge ("ALJ") on January 11, 2022. (AR 37-64). Plaintiff was represented by counsel, and testified at the hearing. (*Id.*). On January 26, 2022, the ALJ issued an unfavorable decision (AR 19-36), and on January 26, 2023 the Appeals Council denied review (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II.   BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 43 years old at the time of the hearing. (AR 43). She graduated from high school. (AR 43). She lives with her husband, four children, and five grandchildren. (AR 43). Plaintiff has work history as a cashier fast food worker, babysitter, and homecare provider. (AR 44-46, 59). Plaintiff testified that she had surgery on her left hand and later on her left shoulder and has developed complex regional pain syndrome. (AR 46-47). She reported constant pain, numbness, burning, tingling, dull pain, and sharp pain in her left hand and arm that has "traveled" to her right hand and wrist. (AR 47). She cannot use her left side and cannot pick up objects weighing more than one pound on her left side. (AR 48). Around two years before the hearing, she started dropping things and having numbness in her right hand, and she cannot lift more than five pounds on her right side. (AR 49). Plaintiff testified that she has numbness, tingling, and burning across her back, down her spine to her lower back, and down both of her legs into her feet. (AR 54). She reported she can sit for 15-20 minutes before she has to readjust, she can walk 10 minutes before she has to take a break, she cannot type or write more than a few words, and she is sensitive to touch and cold temperature. (AR 54-56).

////

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

1    At step five, the Commissioner considers whether, in view of the claimant's RFC, the

2 claimant is capable of performing other work in the national economy. 20 C.F.R. §

3 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider

4 vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §

5 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must

6 find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable

7 of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is

8 therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

9    The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*,

10 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the

11 Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such

12 work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2);

13 *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.    ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 31, 2013, the alleged onset date. (AR 24). At step two, the ALJ found that Plaintiff has the following severe impairments: left shoulder disorder; carpal tunnel syndrome of the left wrist, status post release; complex regional pain syndrome; and obesity. (AR 25). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 25). The ALJ then found that Plaintiff has the RFC to

> perform a full range of light work as defined in 20 CFR 404.1567(b) except as follows. The claimant can lift/carry a maximum of ten pounds with the (non dominant) left upper extremity alone, she must be able to change positions as often as every 30 minutes for one to two minutes, she is precluded from all climbing of ladders, ropes, scaffolds, and she is precluded from all crawling tasks. She is precluded from all exposure to dangerous work hazards such as unprotected heights and exposed moving machinery, and she is precluded from all exposure to extreme cold conditions. She is limited to occasional reaching, handling, and fingering tasks with the left upper extremity, and she is precluded from pushing/pulling tasks [with] the left upper extremity. She requires a work setting that does not involve a fast assembly quota pace (i.e., fast assembly line

5

>environment where one's work impacts work down the line), and she will be off task up to 3% percent [] during the workday due to momentary symptom distractions.

(AR 26).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 30). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including furniture rental clerk and investigator dealer accounts. (AR 31-32). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from December 31, 2013, through the date of the decision. (AR 32).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ's RFC assessment is supported by substantial evidence;
2. Whether the ALJ properly considered the medical opinion evidence; and
3. Whether the ALJ properly evaluated Plaintiff's symptom claims regarding her right upper extremity limitations.

(Doc. No. 12 at 5-11).

## VII.   DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b),

6

416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by

substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ improperly rejected the February 2021 medical opinion of treating physician Domenick Sisto, M.D. (Doc. No. 12 at 8-10). As noted by the ALJ, Dr. Sisto opined as to Plaintiff's limitations multiple times during the course of treatment including: an opinion in June 2016 that Plaintiff was restricted from lifting more than 15 pounds with the left upper extremity and repetitive gripping or grasping with the left upper extremity; an opinion in November 2016 that Plaintiff cannot lift/carry more than 5 pounds, cannot pull/push, no "above chest height use," and no repetitive grasp or use the left upper extremity; and an opinion in June 2018 that Plaintiff is precluded from lifting more than 10 pounds or repetitive over the shoulder motion, as well as repetitive gripping and grasping with the left upper extremity. (AR 29-30, 355, 365, 369). In February 2021, Dr. Sisto opined that Plaintiff could lift/carry/upward pull less than 10 pounds occasionally and frequently; stand/walk for about six hours and sit for about six hours in an 8-hour workday with normal breaks; and has "severe" limitations pushing and pulling with the left upper extremity. (AR 428, 480). The ALJ also considered an "unsigned and undated" physical residual functional capacity assessment that appeared to accompany Dr. Sisto's February 2021 opinion assessing identical limitations with additional limitations in reaching, handling, and fingering, and "no over the shoulder motion or lifting 10 pounds." (AR 481-88). The ALJ found Dr. Sisto's opinions were "only somewhat persuasive." (AR 29).

Plaintiff appears to limit her challenge to the ALJ's finding that Dr. Sisto's February 2021 opinions "are unsupported by significant underlying contemporaneous progress notes as the progress notes from this period contain minimal physical examination findings." (AR 30). First, as noted by Plaintiff, "[t]he agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792; *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th

Cir. 1998) (when considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

Here, the Court is unclear whether the ALJ's finding as to Dr. Sisto's February 2021 opinion is intended to address supportability or the consistency factor, as the ALJ is required to explain how it considered both factors under the regulations.  *See* 20 C.F.R. § 404.1520c(b)(2). Moreover, the single sentence offered by the ALJ, with accompanying general citation to 50 pages of treatment notes, does not provide any explanation for the how the limitations opined by Dr. Sisto, particularly on lifting less than 10 pounds and lifting above the shoulder without reference to limiting only the left upper extremity, are unsupported by undefined physical examination findings in "underlying contemporaneous progress notes."  (AR 30 (citing AR 436-78, 496-502)).  Finally, as noted by Plaintiff, the treatment notes cited by the ALJ include consistent "objective findings" of "significant pain, numbness and swelling," sensitivity to touch, "constant" numbness and tingling to the left upper extremity, left hand weakness, left shoulder tenderness, limited range of motion, and wrist tenderness.  (Doc. No. 12 at 9-10; AR 446, 448, 450, 463, 465, 472, 476, 478, 501).  For all of these reasons, to the extent the ALJ found Dr. Sisto's February 2021 opinions "only somewhat persuasive" based on an unexplained lack of support in treatment records, this finding is not supported by substantial evidence.  On remand, the ALJ should reconsider Dr. Sisto's February 2021 medical opinion, along with all relevant medical opinion evidence.

**B. Additional Assignments of Error**

Plaintiff additionally argues that the ALJ improperly evaluated Plaintiff's symptom testimony regarding her right upper extremity limitations in accordance with SSR 03-2p, and similarly failed to account for right upper extremity limitations caused by complex regional pain

9

syndrome (CRPS) in the assessed RFC. (Doc. No. 12 at 5-8, 10-11 (citing Social Security Administration ("SSR") 03-2p, *available at* 2003 WL 22399117 (Oct. 20, 2003) (explaining the policies of the Social Security Administration for developing and evaluating claims for disability on the basis of CRPS)). In light of the need to reconsider Dr. Sisto's medical opinions, which include limitations arguably applicable to both upper extremities, the Court declines to address these challenges in detail here. On remand, the ALJ is instructed to reconsider the medical opinion evidence and conduct a new sequential analysis with guidance from SSR 03-2p as necessary, including a reevaluation of Plaintiff's symptom claims and reassessment of the RFC.

**B. Remedy**

Plaintiff requests that the Court remand for further administrative proceedings. (Doc. No. 12 at 11). The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the medical opinion evidence, as well as Plaintiff's symptom claims, with particular attention to evaluating CRPS in accordance with SSR 03-2p. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of

Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated: February 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE